**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NIKOLAI BELOV,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>    Respondents. | No. 26-cv-1518-BTM-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Nikolai Belov's petition for a writ of habeas corpus.  The Court finds that the record is sufficient to rule on the papers and that oral argument would not aid in the resolution of this matter.

**A.    Background**

Petitioner, a native of Russia, arrived in the United States on May 26, 2025. Petitioner raised a claim under the Convention Against Torture and received a positive credible-fear determination.  Petitioner also raised an asylum claim.  Petitioner has a merits hearing scheduled for April 17, 2026.  Petitioner states that if he loses his immigration case, he will appeal to the BIA.  Petitioner alleges that his detention in the Otay Mesa Detention Center "is just like being in jail."

Petitioner claims that his prolonged detention without a bond hearing violates the Due Process Clause.  The Government argues that this Court lacks jurisdiction and that Petitioner's detention is constitutional.

**B.    Discussion**

This Court has jurisdiction to review Petitioner's challenge to his detention. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings).  This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See id.*; *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

It is well established that the Government's power to detain must be grounded in a proper reason or purpose.  *See Zadvydas v. Davis*, 533 U.S. 678, 590 (2001); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) ("Civil immigration detention is permissible only to prevent flight or protect against danger to the community.").  The Government may not detain people without a legitimate reason.  The

Court holds that Petitioner's continued detention—lasting more than ten months—is unreasonably prolonged and, without a bond hearing, violates the Due Process Clause. To assess that issue, courts in this district look to the following six factors:  (1) total length of detention to date; (2) likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.  *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773-74 (S.D. Cal. 2020).

Petitioner has been detained for more than ten months, and it will be almost eleven months before his case is resolved.  Petitioner has the right to appeal to the BIA and the circuit court of appeals.  His detention could continue for an additional year or two, and there has been no determination that he is a flight risk or a danger to the community. Further, the conditions of Petitioner's confinement are akin to imprisonment.  *See Mingzhi Gao v. Larose*, No. 25-cv-2084-RSH-SBC, 2025 U.S. Dist. LEXIS 190572 (S.D. Cal. Sep. 26, 2025) (explaining that "the conditions of confinement at Otay Mesa Detention Center are not dissimilar to criminal confinement").

Petitioner's continued detention is unreasonably prolonged and, without a bond hearing, is inconsistent with the right to due process.  *See Hamideh Sadeqi v. Larose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("[T]he Court finds that Petitioner's detention for over 11 months without a bond hearing under the circumstances of this case—and absent meaningful rebuttal by Respondents of Petitioner's analysis—has become unreasonable and violates due process."); *Masood v. Barr*, No. 19-cv-07623-JD, 2020 WL 95633 (N.D. Cal. Jan. 8, 2020) (granting bond hearing for a petitioner detained for nearly nine months); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (seven months); *Perez v. Decker*, No. 18-cv-5279, 2018 WL 3991497 (S.D.N.Y. Aug. 20, 2018) (nine months); *Brissett v. Decker*, 324 F. Supp. 3d 444, 452 (S.D.N.Y. 2018) (nine months).  The Court agrees with those courts and holds that Petitioner's continued detention without a bond hearing violates due process.

3

The Court finds unpersuasive the Government's reliance on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), and *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953). In *Thuraissigiam*, the Court held that the respondent, a noncitizen apprehended near the border shortly after unlawfully entering the country, had "only those rights regarding admission that Congress has provided by statute." 591 U.S. at 107. Because the respondent was apprehended near the border and thus had no connections to the country, he had no right to claim due process protections for admission above those set out by Congress. *Id.* Here, however, Petitioner is raising a constitutional claim regarding his prolonged detention; *Thuraissigiam* is thus inapposite.

In *Mezei*, the Court held that Mezei, a noncitizen "on the threshold of initial entry," was properly excluded from the United States. But the *Mezei* court was faced with "the special circumstances of a national emergency and the determination by the Attorney General that Mezei presented a threat to national security." *Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003). *Mezei*'s holding has no application here.

Last, on the present record, the Court declines to question the neutrality of IJs, but the Court will provide additional safeguards to address Petitioner's concerns. The bond hearing must be before a fair, neutral, and open-minded IJ. If the IJ denies bond, the judge must make specific findings as to why Petitioner is a flight risk or a danger to the community. If Respondents or the IJ fail to comply with this order and the writ, Petitioner can apply to this Court for relief. Respondents have shown the upmost respect for this Court's judgments and have timely followed them thereby enabling the mutual respect of the Court. There is no reason to believe that the mutual respect for coequal branches of the government will not continue here in the Southern District of California. The remedy of release without bond is denied without prejudice. The alternative remedy of a bond hearing in front of this Court is also denied without prejudice.

**C.    Conclusion**

For the reasons stated, the Court grants in part the petition for a writ of habeas corpus. Respondents are ordered to provide Petitioner an individualized bond hearing

before a fair, neutral, and open-minded immigration judge no later than April 20, 2026, at which the government shall bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.  If Petitioner is released, the Government need not provide a bond hearing.  Respondents must confirm compliance with this order no later than April 21, 2026.  The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  April 5, 2026

Honorable Barry Ted Moskowitz
United States District Judge

5